UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-60275-CIV-SEITZ/MCALILEY

PAUL CORLEY,

        Plaintiff,

vs.

OSPREY SHIP MANAGEMENT, INC.
and M/V SP5 ERIC G. GIBSON,

        Defendants.

_____/

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE

     COMES NOW Defendant, OSPREY SHIP MANAGEMENT, INC., ("OSPREY"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(3), and hereby files its Memorandum of Law in support of the Motion to Dismiss for improper venue incorporated in its Answer and Affirmative Defenses, and in support thereof states:

### FACTS

     1.     On March 3, 2006, Plaintiff filed this action in this District, asserting claims against OSPREY and other named Defendants based on the Jones Act and the general maritime law of the United States. See Plaintiff's Original Complaint [DE-1] ¶ 1.

     2.     Plaintiff seeks damages allegedly resulting from injuries he claims he sustained while working as a Third Mate aboard the vessel SP5 ERIC G. GIBSON. Id. at

1

HOUCK ANDERSON, ATTORNEYS AT LAW
200 SOUTH BISCAYNE BOULEVARD, SUITE 300, MIAMI, FLORIDA 33131-2332
TEL (305) 372-9044   FAX (305) 372-5044   www.houckanderson.com

¶ 8; see also Affidavit of Erik Fiske of OSPREY, attached hereto as <u>Defendant's Exhibit</u> <u>"A"</u>, ¶ 13.

3.     At the time of this accident, the SP5 ERIC G. GIBSON was moored alongside the vessel EVANGELOS L in Salif, Yemen. See <u>Defendant's Exhibit "A"</u>, ¶ 15.

4.     On April 27, 2006, OSPREY filed its Answer and Affirmative Defenses before this honorable Court. As its First Affirmative Defense, OSPREY asserted "that this case should be dismissed pursuant to Fed.R.Civ.P. 12 (b)(3) for improper venue. The Plaintiff alleges that his claim is brought pursuant to 46 USC Appx. 688, commonly known as the Jones Act. The Jones Act specifically states, 'Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.'" See <u>Answer and Affirmative Defenses of Defendant, Osprey</u> <u>Ship Management, Inc</u>. [DE-9] p.2.

5.     As stated in its Affirmative Defenses, and for the reasons set forth herein, OSPREY again asserts that venue is not proper in the Southern District, and moves the Court to dismiss Plaintiff's Complaint, or to alternatively, transfer the action to U.S. District Court for the District of Maryland.

6.     Plaintiff's alleged cause of action accrued in Salif, Yemen, while the SP5 ERIC G. GIBSON was moored alongside the vessel EVANGELOS L.

7.     The SP5 ERIC G. GIBSON never called to any port in Florida. See <u>Defendant's Exhibit "A"</u>, ¶ 25.

8.     As set forth in the Complaint, the Plaintiff states that the SP5 ERIC G. GIBSON "was owned and operated by Defendant Osprey Ship Management, Inc." See <u>Complaint</u> [DE-1] ¶ 8.

HOUCK ANDERSON, ATTORNEYS AT LAW
200 SOUTH BISCAYNE BOULEVARD, SUITE 300, MIAMI, FLORIDA 33131-2332
TEL. (305) 372-9044   FAX (305) 372-5044   www.houckanderson.com

9.      In the Complaint, the Plaintiff confirms that OSPREY "is a Delaware corporation and has its principal place of business in Maryland...and may be served through its registered agent, Joseph B. Haver, 104 Englefield, Gaithersberg, Maryland 20878." Id. at ¶ 6.

10.      However, Plaintiff somehow concludes that "Defendant [OSPREY] does a substantial amount of business in the Southern District of Florida," but does not list any facts to support this conclusory allegation. Id.

11.      At all times material to the Complaint, OSPREY did not have any property, offices, agents or representatives in the Southern District of Florida. See Defendant's Exhibit "A", ¶ 5.

12.      Osprey Ship Management, Inc. does not receive any income from business in the State of Florida. Id. at ¶ 4.

13.      During the time relevant to this litigation, Osprey Ship Management, Inc. did not participate in any sales transactions of vessels in the State of Florida, including the SP5 ERIC G. GIBSON. Id. at ¶ 6.

14.      During the time relevant to this litigation, Osprey Ship Management, Inc. did not perform any ship management services targeted at the State of Florida. Id. at ¶ 7.

15.      With respect to the SP5 ERIC G. GIBSON, Osprey Ship Management, Inc. has not performed or participated in any operation, management or use of the vessel, including any sea trials, while in State of Florida waters. Id. at ¶ 8.

16.      During the time relevant to this litigation, Osprey Ship Management, Inc. did not commit any tortuous act in the State of Florida. Id. at ¶ 9.

3

17.    At no time has Osprey Ship Management, Inc. contracted to provide ship management services in the State of Florida.  Id. at ¶ 10.

18.    Osprey Ship Management, Inc. does not regularly solicit business or engage in any other persistent course of conduct or derive substantial revenues from goods used, consumed or services rendered in Florida.  Id. at ¶ 11.

19.    Osprey Ship Management, Inc. does not produce, manufacture and/or distribute goods with the reasonable expectation that those goods will be used or consumed in the State of Florida.  Id. at ¶ 12.

20.    OSPREY has denied the allegation that it does business in the Southern District of Florida.  See Answer and Affirmative Defenses [DE-9] ¶¶ 3 and 6.

21.    The Plaintiff's Complaint fails to allege facts sufficient to support venue in the Southern District of Florida and therefore, venue is not proper within this District. The only connection this action and/or the parties have with the Southern District of Florida is that Plaintiff and his local counsel is located in this District.  This action should proceed in the District Court in Maryland, where the defendant employer's principal office is located.

**WHEREFORE**, OSPREY SHIP MANAGEMENT, INC. respectfully requests that this case be dismissed, or in the alternative transferred to the U.S. District Court for the District of Maryland.

## MEMORANDUM OF LAW

Title 28 USC § 1391(b) contains the venue rules applicable to civil actions "not founded solely on diversity of citizenship."  See 28 U.S.C. Ann. § 1391(b) (West 1993). The Plaintiff filed this action in this District, asserting claims against OSPREY and another

4

named Defendant based on the Jones Act and the general maritime law of the United States. See Plaintiff's Original Complaint [DE-1] ¶ 1. Once a defendant raises a proper objection to venue, the plaintiff bears the burden of proof to establish that the venue he chose is proper. See Smith v. Fortenberry, 903 F. Supp. 1018 (E.D. La. 1995); Charles Allen Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedures § 3826, (2d ed. 1986).

The Plaintiff has failed to plead allegations sufficient to establish the Southern District of Florida as a proper venue for this action pursuant to §1391 (b), which states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. App. § 1391(b) (West 1993).

The Complaint fails to satisfy any of these criteria. First, Mr. Fiske in his affidavit confirms that OSPREY does not maintain an office in Florida, OSPREY does not perform any ship management services targeted at the State of Florida, does not receive any income from business in the State of Florida and does not engage in any other persistent course of conduct which would render it "doing business" in the State of Florida. See Defendant's Exhibit "A", ¶¶ 4-11. The Plaintiff equally confirms that OSPREY "is a Delaware corporation and has its principal place of business in Maryland." See Complaint [DE-1] ¶ 6. Therefore, on the face of the Complaint, the Plaintiff has been unable to establish that venue is proper under subpart (1) of 28 U.S.C. § 1391 (b).

5

Second, the events giving rise to Plaintiff's claims did not occur in Florida. The Complaint alleges that "[w]hile Plaintiff was contributing to and aiding the M/V SP5 ERIC G. GIBSON to accomplish its mission, Plaintiff sustained serious injuries when Defendant[s] ordered him to close a hatch causing Plaintiff to fall." Id. at ¶ 8. The Plaintiff artfully ignores the fact that this incident occurred in Salif, Yemen, while the SP5 ERIC G. GIBSON was moored alongside the vessel EVANGALOS L. See Defendant's Exhibit "A", ¶ 15. In fact, the SP5 ERIC G. GIBSON has never called to the State of Florida. Id. at ¶ 25. The only discussion in the Complaint of where the Plaintiff's accident accrued is the Plaintiff's ill-supported statement that "the acts complained of arise from Defendants' contacts with Florida and this District." See Complaint [DE-1] ¶ 3. Therefore, on the face of the Complaint, as the Plaintiff has been unable to establish that "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated," venue is improper under subpart (2) of 28 U.S.C. § 1391 (b).

Therefore, the Plaintiff is reliant on subpart (3) of 28 U.S.C. § 1391 (b), which grants venue in "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." See 28 U.S.C. App. § 1391(b)(3) (emphasis added). As pointed out in Exhibit "A", the Defendant may be found within the United States District Court for the District of Maryland. See Defendant's Exhibit "A", ¶¶ 1, 3.

An adequate alternative forum exists where "the defendant is 'amenable to process' in the other jurisdiction." Gulf Oil Co. v. Gilbert, 330 U.S. 501, 506-07; Piper Aircraft v. Reyno, 454 U.S. 235, 255 (1981). Ordinarily, a defendant's submission to the

HOUCK ANDERSON, ATTORNEYS AT LAW
200 SOUTH BISCAYNE BOULEVARD, SUITE 300, MIAMI, FLORIDA 33131-2332
TEL (305) 372-9044   FAX (305) 372-5044   www.houckanderson.com

jurisdiction of an alternative forum renders that forum available. See <u>Veba-Chemie A.G. v. M/V Getafix</u>, 711 F.2d 1243, 1245 (5th Cir. 1983); see also <u>Aguinda v. Texaco, Inc.</u>, 142 F. Supp. 2d 534, 539 (S.D.N.Y. 2001). In the event the case is dismissed, the Defendant agrees to submit to the jurisdiction of the U.S. District Court for the District of Maryland. See <u>Defendant's Exhibit "A"</u>, ¶ 40.

Additionally, 46 U.S.C. § 688 provides that "[j]urisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." See 46 U.S.C. App. § 688 (West. 1993). Therefore, jurisdiction is clearly proper in Maryland, as OSPREY has attested that its principal place of business is in Maryland. See <u>Defendant's Exhibit "A"</u>, ¶ 1. It is insufficient that venue be established when the only contact with the State of Florida is that the "Plaintiff is a resident of Florida" (See <u>Complaint</u> [DE-1] ¶ 5) or that his local counsel is located in this District.

The Plaintiff's Complaint only contains bare bones and conclusory venue allegations at paragraphs 2, 3 and 6. Specifically, the Complaint states in pertinent part that "[v]enue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, Defendants do a substantial amount of its business in this District, and Plaintiff resides in this district." See <u>Complaint</u> [DE-1] ¶ 2. Each of these allegations is taken in turn.

As to the first allegation that "a substantial part of the events or omissions giving rise to the claim occurred in this District", it is pointed out that the Plaintiff alleges that the accident occurred "on or about October 2003." See <u>Complaint</u> [DE-1] ¶ 8. In the month of October 2003, the vessel logs reveal that on October 1, 2003, the vessel was

HOUCK ANDERSON, ATTORNEYS AT LAW
200 SOUTH BISCAYNE BOULEVARD, SUITE 300, MIAMI, FLORIDA 33131-2332
TEL (305) 372-9044   FAX (305) 372-5044   www.houckanderson.com

making her way from Vancouver, Washington to Salif, Yemen loaded with cargo.  See Defendant's Exhibit "A", ¶ 14.   The vessel arrived at Salif, Yemen on October 6, 2003 and remained there until October 17, 2003, when she proceeded underway to Portland, Oregon in ballast, first reaching Singapore on October 27, 2003 to receive bunkers and discharge slops.  Id. at ¶¶ 15-17.  Incidentally at the vessel's stop in Singapore on October 27, 2003, another crewmember was sent ashore for medical attention complaining of headache and backache subsequently diagnosed with pneumonia.  Id. at ¶ 17-18.   According to the vessel's logs, the Plaintiff did not request medical attention at that time.  Id. at ¶ 19.

At 0000 hours on October 28, 2003, the vessel began transiting the Singapore Strait bound for Portland, Oregon, arriving at 2200 hours on November 13, 2003.  Id. at ¶ 20.  Therefore, throughout the month of October and into November 2003, the Plaintiff was no where near the State of Florida nor did the events occur anywhere near Florida. Hence the reason why in the Complaint, the Plaintiff fails to set out specific facts substantiating his allegations that "a substantial part of the events or omissions giving rise to the claim occurred in this District".  See Complaint [DE-1] ¶ 2. Therefore, the Plaintiff fails in his burden of proof.

Regarding the Plaintiff's second allegation that "Defendants do a substantial amount of its business in this District," it is clear that this is not the case.  The SP5 ERIC G. GIBSON never called to any port in Florida.  See Defendant's Exhibit "A", ¶ 25. OSPREY did not have any property, offices, agents or representatives in the Southern District of Florida.  Id. at ¶ 5. Additionally, OSPREY does not receive any income from business in the State of Florida and does not engage in any other persistent course of

8

conduct which would render it "doing business" in the State of Florida. See <u>Defendant's</u> <u>Exhibit "A"</u>, ¶¶ 4, 6-8, 10-12.

The only argument the Defendant can gather as to why the Plaintiff makes the claim that "Defendants do a substantial amount of its business in this District" (See <u>Complaint</u> [DE-1] ¶ 2) is that the Plaintiff received some medical treatment in this jurisdiction post-accident. See <u>Defendant's Exhibit "A"</u>, ¶¶ 32, 35, 39. However, venue does not become proper just because a Jones Act Plaintiff receives some medical treatment in Florida. See <u>Cruise Ships Catering and Services international, N.A. v.</u> <u>Tanata</u>, 823 So. 2d 258, 259 (Fla. 3d DCA 2002) ("Florida has no interest in an accident which occurred onboard a ship...to a Peruvian citizen while he was working for a foreign corporation on a ship owned and operated by foreign corporations with no office in Florida even though he has received some medical treatment in Florida"); see also <u>Calvo v. Sol Melia, S.A.</u>, 761 So. 2d 461, 463 (Fla. 3d DCA 2000) ("the availability of medical facilities in South Florida to injured parties in the Caribbean should not open Florida courts to litigation").

For sake of argument, in reviewing the existence of witnesses in this cause of action, Plaintiff alleges that this incident occurred on or about October 2003. See <u>Complaint</u> [DE-1] ¶ 8. As stated above, the SP5 ERIC G. GIBSON logs show that the vessel was in foreign waters during the month of October 2003. See <u>Defendant's</u> <u>Exhibit "A"</u>, ¶¶ 14-20. The Plaintiff was discharged from the service of the SP5 ERIC G. GIBSON on November 14, 2003, when he signed off in Portland, Oregon. <u>Id</u>. at ¶ 20. Therefore, the crew aboard the SP5 ERIC G. GIBSON would be potential witnesses, as well as the medical providers that treated the Plaintiff in Portland, Oregon.

9

From Portland, Oregon, evidence reveals that the Plaintiff began seeking medical treatment in Macon, Georgia with said medical treatment being overseen by a medical management company, Future Care, Inc., based in New York City, New York. Id. at ¶¶ 26-29.  On December 22, 2003, the Plaintiff was released to work by Dr. Robert A. Nelson in Macon, Georgia, and the evidence resumes with the Plaintiff working aboard the M/V FREEDOM from February 2 to February 5, 2004 on a "foreign" voyage. Id. at ¶ 29-30.

The Plaintiff then worked aboard the LNG VIRGO from February 23 to April 22, 2004, engaging the vessel at Himeji, Japan and being embarked at Bontang, Indonesia. Id. at ¶ 33.  The Plaintiff then worked aboard the M/V A1C WILLIAM H PITSENBARGER from September 26, 2004 to January 23, 2005, engaging and disembarking from the vessel at Saipan in the Northern Mariana Islands. Id. at ¶ 36. Therefore, the record reflects that further potential witnesses are in Macon, Georgia, the crew aboard the M/V FREEDOM, LNG VIRGO, M/V A1C WILLIAM H PITSENBARGER, all of which could be anywhere, and New York City, New York.

The evidence then reflects that the Plaintiff received medical treatment in Florida after being discharged from the M/V FREEDOM for problems unrelated to the accident. Id. at ¶ 32.  However, it would also appear that the Plaintiff received medical treatment in Saipan in the Mariana Islands while in the service of the M/V A1C WILLIAM H PITSENBARGER. Id. at ¶ 38. Therefore, there are further potential witnesses in the Mariana Islands.  Certainly given the life of a sailor, there may be other venues where the Plaintiff has received treatment but for which we do not have evidence at this time.

HOUCK ANDERSON, ATTORNEYS AT LAW
200 SOUTH BISCAYNE BOULEVARD, SUITE 300, MIAMI, FLORIDA 33131-2332
TEL (305) 372-9044   FAX (305) 372-5044   www.houckanderson.com

Therefore, to suggest that the Plaintiff receiving treatment in Florida makes venue proper is inappropriate.

Where witnesses are physically located is merely a factor a court would look to when determining the convenience between two places of <u>valid venue</u> where the action could have been brought. See 28 U.S.C. App. § 1404 (a) (West 1993); see also <u>Arvidson v. Reynolds Metals Co.</u>, 107 F. Supp. 51 (D.C. Wash. 1952). In other words, the mere presence of witnesses in a state is not justification supporting proper venue, it is only a factor when deciding which venue is most appropriate between <u>proper</u> venues. In the current case, venue is not proper in Florida.

Therefore weighing the factors of 28 U.S.C. § 1404(a), such as location of the witnesses and convenience of the parties, is not relevant. See <u>Johnston v. Ivac Corporation</u>, 1987 U.S. Dist. LEXIS 1277 (D.C. Ma. 1987); see also <u>Schmidt v. Delta Airlines, Inc.</u>, 1999 U.S. Dist. LEXIS 4400 (E.D. La. 1999). Venue is not proper in this district and the Complaint should be dismissed or transferred pursuant to 28 U.S.C. § 1406(a), which provides for transfer or dismissal of a case "laying venue in the wrong division or district." See <u>Acosta v. United States</u>, 2001 U.S. Dist. LEXIS 23077 (W.D. Tex 2001).

As to the Plaintiff's third allegation that as "Plaintiff resides in this district," venue somehow becomes proper—this allegation is improper as a matter of law. Giving a seaman a right of action at law for personal injury, jurisdiction of which "shall be under the court of the district in which the defendant employer resides or in which his principal office is located," means that no other court has jurisdiction of such action. See 46

11

U.S.C. App. § 688 (West 1993). As explained in Barrington v. Pacific S.S. Co., 282 F.

900 (D. Or. 1922):

> no other court has jurisdiction of the cause, except the court of the district
> in which the defendant employer resides or in which his principal office is
> located. There is a reason for this; the purpose obviously being to prevent
> seamen from suing the owners and lessees of vessels in any port of the
> country away from their residence or principal place of business.

See Barrington, 282 F. at 901; see also Leon v. U.S. Shipping Board, 286 F. 681

(D.C.N.Y. 1921) (plaintiff failed to allege where the principal office of the employer was

located and because of the clear language of the Jones Act, the court gave the plaintiff

leave to amend to allege where the defendant employer principal office was located).

Therefore, it is insufficient to merely allege that the Plaintiff resides in this District.

See Peters v. Detroit, 24 F.2d 454, 454 (W.D.N.Y. 1927) ("when a defendant neither

resides in the district nor has his principal office there, and insists upon his privilege,

without waiving it by appearing generally and failing to object, jurisdiction is not

conferred on the District Court in the district where plaintiff resides or elects to sue").

The Plaintiff would need to show that a Jones Act action may be brought in a district

where the defendant corporation is "doing business." See Pure Oil Co. v. Suarez, 384

U.S. 202 (1966). The Plaintiff has only provided conclusory allegations that OSPREY is

somehow doing business in Florida. Given the facts established by the Affidavit of Mr.

Fiske, OSPREY is not doing business in the State of Florida. Therefore, venue is not

proper in this district pursuant to 28 U.S.C. § 1391 and the Complaint should be

dismissed, or in the alternative, transferred to the U.S. District Court for the District of

Maryland where venue is proper.

HOUCK ANDERSON, ATTORNEYS AT LAW
200 SOUTH BISCAYNE BOULEVARD, SUITE 300, MIAMI, FLORIDA 33131-2332
TEL (305) 372-9044   FAX (305) 372-5044   www.houckanderson.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 A(3)

The undersigned certifies that she wrote to Plaintiff's counsel on October 13, 2006 seeking to reach consensus on the relief sought. However, Plaintiff's counsel has advised in his e-mail message dated October 16, 2006 that Plaintiff is opposed to Defendant's Motion.

Respectfully submitted,

F/ DAVID FAMULARI, ESQUIRE
Florida Bar No. 0860506
MICHELLE OTERO VALDES, ESQUIRE
Florida Bar No.: 014990
HOUCK ANDERSON, P.A.
Attorneys for Defendants
200 S. Biscayne Boulevard, Suite 300
Miami, Florida 33131-2332
Telephone:   305-372-9044
Facsimile:   305-372-5044
E-mail:      motero@houckanderson.com
             dfamulari@houckanderson.com

13

.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a copy of the foregoing has been furnished by U.S. mail to: GARRETT J. BIONDO, ESQUIRE, Shaked & Biondo, P.A., Attorneys for Plaintiff, 200 S.E. 1st Street, Suite 500, Miami, Florida 33131, and Jason Itkin, Esq., Arnold and Itkin, 700 Louisiana Street, Suite 4700, Houston, Texas, 77002 on this 1st day of November, 2006.

/F/DAVID FAMULARI
MICHELLE OTERO VALDÉS

14

HOUCK ANDERSON, ATTORNEYS AT LAW
200 SOUTH BISCAYNE BOULEVARD, SUITE 300, MIAMI, FLORIDA 33131-2332
TEL. (305) 372-9044   FAX (305) 372-5044   www.houckanderson.com